IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **EVELYN V. JOHNSON,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. 12-cv-3394-RWT |
| **THOMAS P. DORE,** *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

On November 19, 2012, Plaintiff Evelyn V. Johnson filed a *pro se* Complaint against Defendants Citywide Mortgage Corporation, Mark S. Devan, Thomas P. Dore, Federal Deposit Insurance Corporation, Erin Gloth, IndyMac Federal Bank, FSB, Luann D. Jones, Shannon Menapace, Gerald F. Miles, Jr., Stephen B. Millstein, Mortgage Electronic Registration System, Inc., OneWest Bank, PNC Mortgage, Lisa Templeton, Wachovia Bank, N.A., and Wells Fargo Bank, N.A. ECF No. 1. Johnson asserts a variety of claims against the Defendants, including breach of contract, breach of an implied covenant of good faith and fair dealing, fraud, malicious prosecution, and civil conspiracy. *Id.* All of these claims appear to relate to a mortgage loan that Johnson executed in September of 2007. *Id.* ¶ 16.

## BACKGROUND

Plaintiff Evelyn Johnson is a resident of Bowie, Maryland, in Prince George's County. Compl. ¶ 2, ECF No. 1. On September 25, 2007, Johnson obtained a mortgage loan in the amount of $265,500.00, and executed a Deed of Trust as security interest for repayment of the loan. *Id.* ¶ 16. Citywide Mortgage Corporation was the original lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") was named as the beneficiary of the Deed of Trust, as

nominee for the holder of the mortgage note. *Id.* ¶¶ 17-18. MERS conveyed the Deed of Trust Note to Wachovia Bank, which Wells Fargo later succeeded by merger. *Id.* ¶¶ 23, 25. Notice of Defaults concerning Johnson's mortgage loan were filed in the Circuit Court of Prince George's County in July of 2009 and April of 2012. *Id.* ¶¶ 29-30. Johnson alleges that the Deed of Trust reflects that PNC Bank is the servicer and "investor." *Id.* ¶ 32.

## PROCEDURAL HISTORY

On December 28, 2012, Defendants Thomas P. Dore, Mark S. Devan, Gerard F. Miles, Jr., Shannon Menapace, and Erin Gloth filed a Motion to Dismiss Complaint. ECF No. 4. Johnson filed a Response on January 17, 2013. ECF No. 6. On February 8, 2013, Defendants OneWest Bank, FSB and IndyMac Mortgage Services filed a Motion to Dismiss. ECF No. 7. On April 17, 2013, the Clerk of the Court sent a Letter to Johnson, informing her that the Defendants had filed a Motion to Dismiss, that she had a right to file a response, and that if she did not file a timely written response, the Court may dismiss the case. ECF No. 10.

On April 16, 2013, Defendant PNC Mortgage, a division of PNC Bank, N.A., filed a Motion to Dismiss. ECF No. 11. Again, the Clerk of the Court mailed a letter to Johnson informing her that the Defendants had filed a Motion to Dismiss and that the Court may dismiss her case if she failed to file a timely written response. ECF No. 12. As of this writing, Johnson has not filed a response to the Defendants' February 8th or April 17th Motions.

## STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The Supreme Court has further articulated the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 8

"requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. A *pro se* plaintiff is held to a "'less stringent'" standard than a lawyer, and the Court must liberally construe a *pro se* plaintiff's complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## ANALYSIS

### I. Motion to Dismiss by Defendants Thomas P. Dore, Mark S. Devan, Gerard F. Miles, Jr., Shannon Menapace and Erin Gloth

#### A. Res Judicata

Defendants Thomas P. Dore, Mark S. Devan, Gerard F. Miles, Jr., Shannon Menapace and Erin Gloth move to dismiss Johnson's Complaint on the grounds that it is barred by the doctrine of res judicata and also fails to allege sufficient facts to state a claim for which relief may be granted. ECF No. 4 at ¶¶ 1-2. "Res judicata, also known as claim preclusion, bars a party from relitigating a claim that was decided or could have been decided in an original suit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). "Generally, the preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered." *Id.* at 162.

"Under Maryland law, the elements of res judicata are: (1) that the parties in the present litigation are the same or in privity with the parties in the earlier dispute; (2) that the claim presented in the current action is identical to the one determined in the prior adjudication; and (3) that there has been a final judgment on the merits." *Id.* (citing *Anne Arundel County Bd. of Educ. v. Norville*, 887 A.2d 1029, 1037 (Md. 2005)). The Defendants argue that Johnson's claims here are barred because she could have raised them in the foreclosure proceeding in the Circuit Court for Prince George's County, Case No. CAE12-11579.

3

The Defendants include a docket sheet from the foreclosure action with their Motion to Dismiss. ECF No. 4-2. The docket sheet indicates that Thomas P. Dore, Mark S. Devan, Gerard F. Miles, Jr., Shannon Menapace and Erin Gloth were Substitute Trustees and that Johnson was the defendant in an action for foreclosure of a deed of trust brought in the Circuit Court for Prince George's County. The docket sheet also reflects that the court issued an order of ratification of sale.

While the parties in this action appear to be some of the same parties involved in the foreclosure action in the Circuit Court for Prince George's County, the Defendants have provided insufficient information for the Court to conclude that Johnson's action here is barred by res judicata. "The effect of a final ratification of sale is res judicata as to the validity of such sale, except in the case of fraud or illegality." *Jones v. Rosenberg*, 940 A.2d 1109, 119 (Md. 2008). Here, Johnson's claims are difficult to comprehend, but they appear to include allegations of fraud, conspiracy, and breach of contract by the Defendants. Such claims could arguably evade the doctrine of res judicata, and therefore the Court will not find that Johnson's claims are barred by that doctrine. *See Currie v. Wells Fargo Bank, N.A.*, -- F. Supp. 2d -- , 2013 WL 2295695, at *10 (D. Md. May 23, 2013) ("Under Maryland law, not all claims raised in a subsequent suit that arise out of the same transaction or series of transactions at issue in a prior suit are barred. . . . Although Plaintiffs' claims mainly arise out of the same series of transactions underlying the foreclosure proceeding, it is, at a minimum, plausible that the relief that Plaintiffs request would not contradict or nullify any essential foundation of the foreclosure.").

### B. Failure to State a Claim

The Defendants also move to dismiss Johnson's Complaint for failure to state a claim. Johnson's Complaint is nearly incomprehensible; even the finest comb could not reveal any

4

plausible, adequately supported claims.

Johnson alleges that she signed a promissory note to some unidentified "Defendants" to secure a loan for $265,500, but the "Defendant never loaned a dime." Compl. ¶ 37. "Maryland law requires that a plaintiff alleging a breach of contract 'must of necessity allege with certainty and definiteness facts showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant.'" *Polek v. J.P. Morgan Chase Bank, N.A.*, 36 A.3d 399, 416 (Md. 2012) (quoting *Cont'l Masonry Co. v. Verdel Constr. Co.*, 369 A.2d 566, 569 (Md. 1977)). Here, Johnson has utterly failed to meet this standard. She fails to identify the contract breached, or the Defendant who breached it. Accordingly, Johnson's breach of contract claims will be dismissed. Her related claim for breach of the "implied covenant of good faith and fair dealing" also fails, as it consists of a single paragraph that does not allege any special circumstances or other basis to recognize obligations owed by any of the Defendants. *See Polek*, 36 A.2d at 416 ("Absent special circumstances, . . . no new obligations on the parties are imposed, where the contract is silent, by the implied covenant of good faith and fair dealing.").

Johnson's fraud claims also fail. Rule 9(b) of the Federal Rules of Civil Procedure requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Here, Johnson failed to plead particularized facts, such as the time, place, and contents of any false representations or the identities of the conspirators, in support of her claims that the Defendants engaged in fraud, a civil conspiracy, or violated the Truth in Lending Act. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (noting that the "'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'") (quoting 5 Charles Alan Wright and

Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1297, at 590 (2d ed. 1990)). Johnson's allegations concerning fraud fail to meet the particularity requirements of Rule 9(b), and will therefore be dismissed.

Johnson also includes a count for "malicious prosecution," which also lacks adequate factual allegations to state a plausible claim. "In order to establish the tort of malicious prosecution, a plaintiff must allege and ultimately prove that: (1) the defendant instituted a criminal proceeding against the plaintiff; (2) the criminal proceeding was resolved in the plaintiff's favor; (3) the defendant did not have probable cause to institute the proceeding; and (4) the defendant acted with malice or a primary purpose other than bringing the plaintiff to justice." *Hines v. French*, 852 A.2d 1047, 1057 (Md. Ct. Spec. App. 2004). Johnson fails to identify any criminal proceeding or a Defendant responsible for malicious prosecution. Accordingly, this claim will be dismissed.[1]

**II.    Motion to Dismiss by Defendants OneWest Bank, FSB and IndyMac Mortgage Services**

Defendants OneWest Bank, FSB and IndyMac Mortgage Services also move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 7. Johnson's Complaint does not include any allegations concerning OneWest Bank or IndyMac Services to support a plausible claim against them. Indeed, as noted above, Johnson's allegations repeatedly refer generally to "Defendants," without identifying specific Defendants or conduct. Johnson did not respond to Defendants OneWest Bank, FSB and IndyMac Mortgage Services' Motion to Dismiss. Because Johnson's Complaint fails to allege a plausible claim against these

---

[1] Johnson also asserts what appears to be a request for a "discovery hearing" and discovery sanctions. The parties, however, have not yet been authorized to engage in any discovery, and thus her requests are premature and will be denied.

Defendants, the Court will grant their unopposed Motion to Dismiss and dismiss the Complaint as to them.

### III. Motion to Dismiss by Defendant PNC Mortgage

Defendant PNC Mortgage, a division of PNC Bank, moves to dismiss Johnson's Complaint for failure to effectuate service. ECF No. 11. Rule 4(m) of the Federal Rules of Civil Procedure provides as follows: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . ." Fed. R. Civ. P. 4(m). Johnson filed her Complaint on November 19, 2012. ECF No. 1. The Clerk issued summons on December 5, 2012. ECF No. 3. PNC Mortgage was not served within 120 days of November 19, 2012, the date Johnson filed her Complaint, and Johnson has not shown good cause for such failure, or requested an extension of time for service. Accordingly, the Court will grant PNC Mortgage's unopposed Motion to Dismiss, and dismiss without prejudice Johnson's Complaint as to this Defendant.

### **CONCLUSION**

For the foregoing reasons, the Court will grant the Defendants' motions to dismiss [ECF Nos. 4, 7, 11], and dismiss the Complaint [ECF No. 1]. A separate Order follows.

Date: <u>September 19, 2013</u>                                              /s/
                                                                    ROGER W. TITUS
                                                          UNITED STATES DISTRICT JUDGE